UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br>    John Patrick Halfpenny, Esq.<br><br>    Debtor. | :   Chapter 7<br>:<br>:<br>:   Bankruptcy No. 10-16252-mdc |

## MEMORANDUM

### I. INTRODUCTION

On October 7, 2010, John Patrick Halfpenny, Esq. (the "Debtor") appealed the dismissal of his bankruptcy case due to his failure to comply with 11 U.S.C. § 109(h)(1). This Memorandum Opinion is submitted pursuant to Local Rule 8001(h)[1] to further expound upon the reasons for this Court's order dated September 10, 2010 (the "Order"). The discussion below also constitutes the Court's findings of facts and conclusions of law.

### II. BACKGROUND

On July 28, 2010, John Patrick Halfpenny, Esq. acting *pro se* filed a bankruptcy petition under chapter 7 of the Bankruptcy Code (the "Petition") of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Code"). On the same day, the Debtor filed a copy of Official Form 1, Exhibit D titled "Individual Debtor's Statement of Compliance with Credit Counseling Requirement". In this document, the Debtor requested a waiver of the credit counseling requirements set forth by 11 U.S.C. § 109(h) because he had not received credit counseling. In support of the Debtor's waiver request, the Debtor also filed a motion for waiver of credit counseling services [Docket No. 5] (the "Motion"). After considering the Debtor's pleadings, this Court issued an order dated August 4, 2010 (the "Dismissal Order"). In the Dismissal Order, this Court denied the Debtor's waiver request on two grounds: (1) the Debtor filed his bankruptcy petition without

---

[1] Local Rule 8001-1(b) provides: Opinion in Support of Order. The bankruptcy judge whose order is the subject of an appeal may, within 15 days of the filing of the notice of appeal, file a written opinion in support of the order or a written supplemental opinion that amplifies any earlier written opinion or recorded oral bench ruling or opinion. L.B.R. 8001-1(b)(2008).

requesting pre-petition credit counseling as required by 11 U.S.C. §§ 109(h)(3); and (2) the Debtor's incarceration does not justify a permanent waiver pursuant to 11 U.S.C. § 109(h)(4).

Approximately one week after this Court entered the Dismissal Order, the Debtor filed a request for a waiver from the credit counseling requirement dated August 13, 2010 (the "Reconsideration Motion"). Although not styled as a motion for reconsideration, this Court recognized that the Debtor was in effect requesting reconsideration of the Dismissal Order and on that basis treated the Reconsideration Motion as a motion for reconsideration consistent with Federal Rule of Civil Procedure 59(e) as incorporated by Federal Rule of Bankruptcy Procedure 9023.

In the Reconsideration Motion, the Debtor raised the same arguments that he raised in his original Motion. The Debtor failed to present: (1) arguments not previously considered by this Court; (2) any argument that this Court previously committed a manifest error of law or (3) any newly discovered evidence. For these reasons, this Court denied the Debtor's Reconsideration Motion.

The Debtor is currently incarcerated at the Pennsylvania State Correctional Institution located in Camp Hill, Pennsylvania. He does not expect to be paroled until spring of 2011. The Debtor claims that his incarceration prevents him from receiving credit counseling in person or by Internet. However, as evidenced by his Reconsideration Motion, the Debtor acknowledges that his incarceration does not prevent him from seeking credit counseling via telephone. *See* Reconsideration Motion, ¶¶ 2 & 4.

### III. DISCUSSION

Section 109(h)(1) provides that an individual may not be a debtor in a bankruptcy case unless, within the 180-day period prior to the filing of the bankruptcy petition, the individual has

2

received an individual or group briefing from an approved nonprofit budget and credit counseling agency as described in 11 U.S.C. § 111(a) (the "Credit Counseling Requirement").[2] *See In re Hoshan*, Civ. No. 07-2931, 2008 WL 81994, at *3 (E.D. Pa. Jan. 7, 2008) ("The law is clear... that a debtor must get credit counseling before filing the bankruptcy petition."). As admitted in the Debtor's pleadings, the Debtor has undertaken no pre-petition efforts to comply with 11 U.S.C. § 109(h)(1). Because he did not comply with § 109(h)(1) prior to filing his Petition, the Debtor requested that this Court to grant him a waiver of the Credit Counseling Requirement. The Debtor did not specify whether he was requesting a temporary waiver pursuant to § 109(h)(3) or a permanent waiver pursuant to § 109(h)(4).[3] This Court will consider the Debtor's eligibility under both sections.

### A. Temporary Waiver Pursuant to § 109(h)(3)

Section 109(h)(3) provides that an individual may be temporarily exempted from the Credit Counseling Requirement for a thirty-day period after the filing of the bankruptcy petition if the individual submits a certification that: (1) describes the exigent circumstances that merit a temporary waiver of the Credit Counseling Requirement; (2) states that the individual requested during the 180-day, pre-petition period credit counseling from an approved credit counseling agency and was unable to obtain the services during the seven-day period beginning on the date that the request was made; and (3) is satisfactory to the court (a "Certification of Exigent Circumstances"). *See In re Kaufman*, Bky. No. 08-11087, 2008 WL 706951, at *2 (Bankr. E.D.

---

[2] 11 U.S.C. § 109(h)(1) reads:
"(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in § 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1).

[3] In his pleadings, the Debtor did not specify whether he was seeking relief pursuant to § 109(h)(3) or § 109(h)(4). The Debtor's Motion states in relevant part "Debtor submits that his incarceration constitutes exigent circumstances justifying a waiver of the provisions of 11 U.S.C. § 109(h)." Similarly, in the Reconsideration Motion, the Debtor "respectfully moves for a waiver of the requirement of credit counseling [sic] under 11 U.S.C. § 109(h).

Pa. Mar. 14, 2008) (Frank, B.J.) (finding that because the debtor "made no representation that he attempted to obtain credit counseling services *prior to the filing of the bankruptcy case*" the debtor was ineligible for a § 109(h)(3) waiver) [emphasis in original]; *In re Tomco*, 339 B.R. 145, 155 (Bankr. W.D. Pa. 2006) (requiring the debtor to certify that she requested credit counseling during the 180-day period prior to the commencement of the bankruptcy case). Each element of § 109(h)(3) must be established before a court may grant an extension of time to complete credit counseling. *See In re DiPinto*, 336 B.R. 693, 696 (Bankr. E.D. Pa. 2006) (Raslavich, C.B.J.) (stating that § 109(h)(3) establishes a conjunctive test).

Here, the Debtor admits that he did not request credit counseling services from an approved nonprofit budget and credit counseling agency prior to filing his Petition. This admission precludes this Court from granting him a temporary waiver of the credit counseling requirement. The Debtor's failure to make any pre-petition request prevents him from complying with § 109(h)(3)(ii). *See* 11 U.S.C. § 109(h)(3)(ii); *Kaufman*, 2008 WL 706951, at *2 (recognizing that a debtor must make "an attempt *prior to the filing of the bankruptcy case*") [emphasis added].

No provision of the Code entitles incarcerated debtors special treatment with regard to the requirement that they request credit counseling services prior to filing a bankruptcy petition in order to qualify for a § 109(h)(3) temporary waiver. *See In re Rendler*, 368 B.R. 1 (Bankr. D. Minn. 2007) (denying incarcerated debtor's § 109(h) waiver request due to failure to comply with statutory requirements); *In re Johnson*, Bky. No. 07-00465, 2007 WL 2990563, at *1 (Bankr. D. Colo. Oct. 11, 2007) (denying § 109(h)(3) request on ground that incarcerated debtor conceded that he made no pre-petition credit counseling request). Being unable to certify that he requested credit counseling during the 180-day, pre-petition period, the Debtor is unable to

submit a satisfactory Certificate of Exigent Circumstances that would entitle him to a temporary waiver pursuant to 11 U.S.C. § 109(h)(3) regardless of whether as matter of law his incarceration may constitute exigent circumstances.[4] Had the Debtor attempted to obtain credit counseling prior to filing his petition, perhaps this Court would reach a different result. *See, e.g., In re Walton*, Bky. No. 07-41086, 2007 WL 980430, at * (Bankr. E.D. Mo. Mar. 5, 2007) (granting a § 109(h)(3) temporary waiver to an incarcerated debtor who had requested credit counseling services five days prior to filing his petition but was prevented from completing the services due to the fact that during his telephonic briefing he was placed him on hold for twenty-five minutes thereby causing the debtor to exceed his one, half-hour call per month). As a result of the Debtor's failure, this Court is without a basis to grant the Debtor a temporary waiver of the Credit Counseling Requirement.

### B. Permanent Waiver Pursuant to § 109(h)(4)

Section 109(h)(4) establishes that the Debtor may be exempted permanently from the Credit Counseling Requirement because of incapacity, disability, or active military duty in a military combat zone. Of the applicable exemptions, the Debtor has not argued that his incarceration renders him incapacitated or disabled.[5] Rather, the Debtor simply alleges that somehow the circumstances of being incarcerated merit a waiver of the Credit Counseling Requirement. No provision of the Code supports the Debtor's position. Without a statutory basis for a permanent exemption, this Court is without the authority to grant the Debtor a permanent waiver of the Credit Counseling Requirement. "In short, there is nothing in the statutory definition of 'disability' or the statutory framework as a whole that creates a blanket

---

[4] The Debtor has admitted in his pleadings that despite his incarceration, he is able to complete the Credit Counseling Requirement telephonically. *See* Reconsideration Motion, ¶¶ 2 & 4. It follows that nothing about his incarceration would have prevented him from attempting to complete credit counseling prior to the filing of his Petition.

[5] The fact that the Debtor included in his Reconsideration Motion a request for a listing of credit counseling agencies that provide telephonic credit counseling services constitutes an acknowledgement that he is not suffering from a mental incapacity or a physically disability that would prevent him from completing the Credit Counseling Requirement.

exemption from this requirement for incarcerated debtors, and it is not the proper role of this Court to create an exemption that is absent from the statutory language." *In re Bristol,* Civ. No. 08-2209, 2009 WL 238002 at *3-4 (E.D.N.Y. Feb. 2, 2009 (upholding bankruptcy court order dismissing incarcerated debtor's bankruptcy case due to failure to comply with § 109(h)(1)); *see also In re Anderson*, 397 B.R. 363, 366-67 (6th Cir. BAP 2008) (upholding decision refusing to grant a § 109(h)(4) waiver based upon debtor's status as an incarcerated debtor).

## IV. CONCLUSION

Based on the reasons set forth above and the Dismissal Order, the Court finds and concludes that the Debtor is not entitled to a waiver of the Credit Counseling Requirement. Because he is not entitled to a deferral or waiver of his obligations to obtain credit counseling services, he is not eligible to be a bankruptcy debtor. Consequently, his bankruptcy case must be dismissed.

Date: 10/21/10

**MAGDELINE D. COLEMAN**
**U.S. BANKRUPTCY JUDGE**